IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PHILLIP C. WEST; REVEREND CLIFTON
E.MARVEZ, SR.; JACQUELINE MARSHALL
MARY LEE TOLES                                    PLAINTIFFS

V.                                    CIVIL ACTION NO. 5:15cv 46 KS-
                                                            mTP

NATCHEZ, MISSISSIPPI                              DEFENDANT

COMPLAINT

I.   Introduction

1.    This is a suit in equity under Section 2 of the Voting
Rights Act of 1965, 52 U.S.C.A. Section 10301, 42 U.S.C. Section
1983, and the one person one vote principle of the Fourteenth and
Fifteenth Amendments of the United States Constitution for
declaratory and injunctive relief against Natchez, Mississippi for
malapportionment and dilution of African American voting strength
under the existing six (6) aldermanic ward redistricting plan for
the election of aldermen and executive committee members in
Natchez, Mississippi.

2.    Plaintiffs seek declaratory and injunctive relief of this
Court which: (1) declares that the existing six (6) aldermanic ward
plan based on 2000 census data has a 25.49 percent total deviation,
is malapportioned and violates the one person one vote principle;

(2) enjoins further use of the existing aldermanic redistricting plan to conduct the May 3, 2016 municipal elections in Natchez, Mississippi; (3) declare that the use of the existing six (6) aldermanic ward redistricting plan dilutes African American voting strength under Section 2 of the Voting Right Act of 1965; and (4) adopts and implements an interim court odered aldermanic ward redistricting plan to conduct municipal primary elections on Tuesday, May 3, 2016.

3. The African American voting age population of Natchez, Mississippi is sufficiently large and geographically compact to constitute a majority of the voting age population in four (4) of six (6) single member aldermanic wards; the African American voting age population of Natchez, Mississippi is politically cohesive; the white voting age population and registered voters in Natchez, Mississippi vote sufficiently as a bloc to enable it to usually defeat African American citizens' preferred candidates. There is no lawful redistricting plan for use in the May 3, 2016 regularly scheduled quadrennial Natchez Mississippi primary elections and the Court should enjoin any further use of the malapportioned existing aldermanic plan based on 2000 census data, and place into effect a court ordered interim aldermanic redistricting plan so municipal primary elections may proceed as scheduled. See, White v. City of Belzoni, Mississippi, 854 F.2d 75 (1988); Jordan v. Winter, 541 F.Supp. 1135, (N.D Miss. 1982) (three judge court); Upham v.

-2-

Seamon, 456 U.S. 37 (1982).

## II.   Jurisdiction

4.    This Court has jurisdiction over this action pursuant to 42 U.S.C. Section 1973 j(f) and 28 U.S.C. Sections 1331, 1343, 1344, 2201 and 2202.

## III.   Parties

5.    Plaintiffs Phillip C. West; Reverend Cliftion E. Marvez, SR.; Jacqueline Marsaw and Mary Lee Toles are African American registered voters and citizens of Natchez, Mississippi.

6.    Defendant Natchez, Mississippi is a special charter municipality existing under the laws of the State of Mississippi and is  governed by a six (6) member board of aldermen and maybe served with process of this Court by its City Clerk, Donnie Holloway, 124 South Pearl Street, Natchez, Mississippi.

7.    All parties are sued in their official capacities for injunctive and declaratory relief.

8.    At all relevant times set out herein, defendants were and have been acting under the color of the statutes, ordinances, regulations, customs, and usages of the State of Mississippi and Natchez, Mississippi.

## V.   Facts

9.    Natchez, Mississippi, is governed by a six (6) member which is elected from six single member wards. The qualified electors of each aldermanic district elect one member to the city

-3-

council at regular quadrennial elections (2012, 2016 and 2020). The elected members of the Natchez, Mississippi city council are also responsible for the governance of the city.  The city council is likewise responsible for the drawing ward boundaries in accord with the Fourteenth Amendment to the United States Constitution.

10.   The six wards in Natchez, Mississippi are also used to elect six (6) of the seven (7)municipal democratic and republican executive committee members.   One member of the democratic and republican executive committees is elected at-large.

11.   According to the 2010 census, the total population of Natchez, Mississippi is 15,795, of whom 9216 (58.34%) are African American, and 6579 (41.66%) are white or of other ethnic origins.

12.   According to the 2010 census data, the total population, ideal district, deviation and percentage of deviation of the existing six wards in Natchez, Mississippi are as follows:

| Ward | Total Pop. | Ideal Dist. | Deviation | % Deviation |
|------|-----------|-------------|-----------|-------------|
| 1 | 2503 | 2633 | -130 | -4.93% |
| 2 | 2544 | 2633 | -89 | -3.36% |
| 3 | 2934 | 2633 | +301 | +11.45% |
| 4 | 2263 | 2633 | -370 | -14.04% |
| 5 | 2692 | 2633 | +59 | +2.26% |
| 6 | 2859 | 2633 | +226 | +8.60% |

The existing aldermanic redistricting plan in Natchez, Mississippi is based on 2000 census data, has a 25.49 percent total deviation and violates the one person  one vote principle of the

-4-

Fourteenth Amendment of the United States Constitution.

13. As herein above shown, African American citizens in Natchez, Mississippi, comprise 58.35 percent of the total population. The existing aldermanic redistricting plan based on 2000 census data is malapportioned, fractures geographically concentrated African American population and dilutes African American voting strength.

14. Voting in Natchez, Mississippi has been racially polarized in elections in which a African American candidate has run for office, with white voters generally voting for white candidates and African American voters voting for African American candidates for elective office.

15. State election laws and local statutes, ordinances, and regulations applicable to elections for the Natchez, Mississippi board of aldermen and municipal executive committee members provide that a majority vote is required to win party nomination or special elections.

16. African American citizens in Natchez, Mississippi have long suffered from the results and effects of invidious discrimination and treatment in education, employment, income, health, living conditions, and other related areas.

17. The governing board of Natchez, Mississippi has been and is unresponsive to the particular needs, interests and concerns of the African American community.

-5-

18.   Presently, three (3) African American citizens serve on the Natchez, Mississippi board of aldermen and African American citizens have been denied the opportunity to elect candidates of their choice for the board of aldermen.

19.   By virtue of the foregoing, Natchez, Mississippi's use of a malapportioned aldermanic redistricting plan based upon 2000 census data has caused and is causing immediate and irreparable harm and injury to plaintiffs and members of the African American race by denying them an equal opportunity to participate in the political process and to elect municipal candidates of their choice to public office.   Plaintiffs have no plain or adequate remedy at law.   Unless restrained and enjoined by this Court, defendants will continue to deny plaintiffs and those similarly situated their rights.

A.   First Cause of Action:   Section 2 of the Voting
                                Rights Act of 1965

20.   The use of the existing six (6) ward malapportioned aldermanic plan based on 2000 census data results in a denial or abridgment of the rights of plaintiffs and those similarly situated to vote on account of race or color, and as a result, African American citizens have less opportunity than whites to participate in the political process and to elect municipal board of aldermen candidates of their choice, all in violation of the rights of plaintiffs and those similarly situated secured by Section 2 of the

-6-

Voting Rights Act of 1965, 42 U.S.C.A. Section 1973 (West. Supp. 1993).

 B. Second Cause of Action: Fourteenth and Fifteenth
                Amendments

 21. The use of the existing six (6) malapportioned aldermanic plan based on 2000 census data to elect board of aldermen and municipal executive committee members in Natchez, Mississippi is based on a discriminatory purpose of diluting, minimizing, and canceling out African American voting strength in violation of the rights of plaintiffs and those similarly situated secured by the Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

 C. Third Cause of Action: One Person One Vote Violation
                of the Equal Protection Clause

 22. The existing Natchez, Mississippi aldermanic redistricting plan based on 2000 census data is malapportioned, has 25.49 percent total deviation among the six (6) aldermanic ward and violates the one person one vote principle of the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## VI. Relief

 WHEREFORE, plaintiffs pray that this Court set this matter down for an expedited and speedy hearing, and upon which hearing:

 (a) Declare the existing Natchez, Mississippi aldermanic redistricting plan based on 2000 census data has a 25.49 percent

-7-

Case 5:15-cv-00046-KS-MTP   Document 1   Filed 05/22/15   Page 8 of 9

total deviation and violates the one person one vote principle of the Fourteenth Amendment of the United States Constitution;

(b) Enjoin any further use of the existing six (6) aldermanic ward redistricting plan including its use in the May 3, 2016 municipal primary elections in Natchez, Mississippi;

(c) Enjoin any future use of the six (6) aldermanic ward plan based on the 2000 census data;

(d) Order into effect an interim court ordered aldermanic redistricting plan under Upham v. Seamon, 456 U.S. 37 (1982) to conduct aldermanic primary elections in Natchez, Mississippi on May 3, 2016 or order new elections be held in six months from a constitutional and statutory plan;

(f) Grant plaintiffs their costs of Court necessary to this litigation and reasonable attorney's fees as provided by 42 U.S.C. Sections 1973 1(e) and 1988; and

(h) Grant plaintiffs such other relief as may be just and equitable.

SO COMPLAINED, this the 15th May, 2015.

Respectfully submitted,

PHILLIP   C.   WEST,   et.   al.,
Plaintiffs

*Ellis Turge*

By:_____
ELLIS TURNAGE, Attorney for
Plaintiffs

-8-

OF COUNSEL:

ELLIS TURNAGE, MSB #8131
TURNAGE LAW OFFICE
108 North Pearman Avenue
Cleveland, Mississippi 38732-0216
Tel: (662) 843-2811
Fax: (662) 843-6133
eturnage@etlawms.com