**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**PHILLIP C. WEST, ET AL.**                                        **PLAINTIFFS**

**V.**                                **CIVIL ACTION NO. 5:15-cv-46-KS-MTP**

**NATCHEZ, MISSISSIPPI**                                          **DEFENDANT**

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

---

Defendant Natchez, Mississippi ("Natchez"), through counsel and pursuant to FED. R. CIV. P. 65(a), responds in opposition to Plaintiff's Motion for Preliminary Injunction [ECF No. 10] as follows:

1.      Plaintiffs' claim that Natchez's current aldermanic ward boundaries, which were configured based on 2000 census data, are malapportioned and violate the one-person, one-vote principle of the 14th Amendment. As a result, Plaintiffs seek a preliminary injunction against Natchez conducting future elections based on its current ward boundaries, and an order requiring the City to redistrict its ward boundaries based on 2010 census data.

2.      Plaintiffs have failed to demonstrate a preliminary injunction is warranted pursuant to FED. R. CIV. P. 65(a), and their requested relief should be denied. The proper course of action, if any action is warranted, is for this litigation to be stayed pending Natchez timely completing current redistricting efforts.

3.      The next scheduled party primary election in Natchez is set for May 3, 2016, and the next general election set for June 7, 2016. Natchez has retained a planning firm, Slaughter & Associates, PLLC ("Slaughter"), to prepare a redistricting plan for the City's aldermanic wards, which plan will be based upon 2010 census data and will comply with the one-person, one-vote

principle of the 14th Amendment. These efforts are already underway by the City and Slaughter, and it is anticipated that the draft of such plan will be presented to the City for review in the coming weeks. Put another way, Natchez is already doing what Plaintiffs ask this Court to order.

4.      To obtain a preliminary injunction, Plaintiffs have the burden of proving: (1) a substantial likelihood of success on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to Natchez as a result of the injunction, and (4) that granting the preliminary injunction will not disserve the public interest.  *See Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003).  A preliminary injunction should not be granted "unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196 (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). "If the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue and, if issued, will be vacated on appeal." *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

5.      Plaintiffs have failed to carry their burden of proving that each of the four prerequisites are met with regard to the preliminary injunction they seek. First, Plaintiffs have failed to demonstrate they are residents of an <u>underrepresented</u> ward. Further, Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits of their claims or any injury that will result in the absence of a preliminary injunction. Plaintiffs' claim is fundamentally that they would be injured <u>if</u> Natchez conducts future elections based on its current ward boundaries. This "injury" is purely theoretical. No further elections will be conducted based on Natchez's current ward boundaries, but rather on the redistricted ward

boundaries set forth in the plan being developed by Slaughter and ultimately adopted by the City. There is no injury for this Court to address.

6.     Natchez submits that this Court should deny the Plaintiffs request for a preliminary injunction and stay this litigation pending the timely completion of the City's current redistricting efforts.

7.     In further support of this Response, Natchez submits its Memorandum of Authorities in Opposition to Plaintiffs' Motion for Preliminary Injunction.

**WHEREFORE, PREMISES CONSIDERED**, Natchez requests this Court enter an Order denying Plaintiffs' Motion for Preliminary Injunction [ECF No. 10], and stay this litigation pending the timely completion of Natchez's current redistricting efforts. Natchez requests such other relief to which it may be entitled in the premises.

<u>Dated</u>: July 27, 2015.          **Respectfully submitted,**

                                        **NATCHEZ, MISSISSIPPI**

                          **BY:   CARROLL WARREN & PARKER PLLC**

                          **BY:     */s/ J. Chadwick Mask*_____
                                 J. CHADWICK MASK**

**OF COUNSEL:**
J. Chadwick Mask (MSB #10621)
Christopher H. Coleman (MSB #101899)
Clifton M. Decker (MSB #102740)
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:     (601) 592-1010
Facsimile:     (601) 592-6060

842832

Hyde Carby, Natchez City Attorney (MSB # 102932)
**CARBY & CARBY PC**
513 State Street
Post Office Box 1047
Natchez, Mississippi 39121-1047
Telephone:     (601) 445-5011
Facsimile:     (601) 445-5033


## CERTIFICATE OF SERVICE

I, J. Chadwick Mask, hereby certify that I electronically filed the foregoing with the

Clerk of the Court using the ECF system which sent notification of such filing to the following:

Ellis Turnage, Esq.
TURNAGE LAW OFFICE
Post Office Box 216
Cleveland, Mississippi 38732

*Attorney for Plaintiff*

This the 27th day of July, 2015.

*/s/ J. Chadwick Mask*_____
**J. Chadwick Mask**

842832