IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PHILLIP C. WEST,** *et al.*                                                              **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO. 5:15-CV-46-KS-MTP**

**NATCHEZ, MISSISSIPPI,** *et al.*                                                        **DEFENDANTS**

### ORDER

On May 22, 2015, Plaintiffs filed their Complaint [1], alleging that the existing ward plan for the election of aldermen and executive committee members of Natchez, Mississippi diluted African-American voting strength in violation of Section 2 of the Voting Rights Act and violated the "one-person-one-vote" principle of the Fourteenth and Fifteenth Amendments. On July 8, 2015, Plaintiffs filed a Motion for Preliminary Injunction [10]. They want the Court to enjoin further use of the current ward plan and require Defendants to develop a new plan that satisfies the one-person-one-vote principle and Section 2 of the Voting Rights Act, for use in the municipal primary elections to be held on May 3, 2016.

To obtain a preliminary injunction, a "plaintiff must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). "A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has

clearly carried the burden of persuasion on all four requirements." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012). If there are no relevant factual disputes, the Court is not required to conduct an oral hearing. *See PCI Transp. Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005).

Here, there is no material factual dispute, and the Court need only address the second element: whether there is a substantial threat that Plaintiffs will suffer irreparable injury if the preliminary injunction is denied. Plaintiffs argue that they will suffer irreparable injury if the May 2016 election occurs under the current ward plan.

On August 5, 2015, the parties participated in a Case Management Conference with the Magistrate Judge. On the same day, the Court entered a Case Management Order [17] developed with the parties' input. The pretrial conference is scheduled for January 14, 2016, and a bench trial is set during the Court's civil trial calendar of February 1-12, 2016. Accounting for the parties' discovery needs and the Court's docket, this was the soonest the Court could schedule a trial. The parties have not objected to this schedule or otherwise indicated that a February trial would not resolve this matter in a sufficient amount of time before the May elections. The Court further notes that the parties are currently in the discovery process, and there is no indication that the trial will be delayed or the schedule otherwise thrown off-track.

Therefore, the Court finds that Plaintiffs have failed to demonstrate that there is a substantial risk of irreparable injury if they are not granted a preliminary injunction. If the case proceeds to trial as scheduled, the Court will enter a judgment

sufficiently in advance of the May 2016 elections. For this reason, the Court **denies** Plaintiffs' Motion for Preliminary Injunction [10].

SO ORDERED AND ADJUDGED this 24th day of September, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE