**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**PHILLIP C. WEST; ET AL.**                                                      **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO. 5:15-cv-46-KS-MTP**

**NATCHEZ, MISSISSIPPI**                                                 **DEFENDANT**

---

**DEFENDANT NATCHEZ, MISSISSIPPI'S MOTION TO DISMISS**

---

Defendant Natchez, Mississippi ("Natchez"), files this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(h)(3) on the basis that Plaintiffs' claims and requests for relief are moot and thus this Court lacks subject-matter jurisdiction, stating:

1.      Plaintiffs filed their Complaint [Doc. 1] on May 22, 2015, seeking declaratory and injunctive relief, namely that Natchez be enjoined from conducting its 2016 regular municipal elections based on Natchez's then-existing ward plan and be required to re-apportion its municipal wards based upon 2010 census data.

2.      On July 8, 2015, Plaintiffs filed their Motion for Preliminary Injunction [Doc. 10]. This Court entered an Order denying Plaintiff's Motion for Preliminary Injunction on September 24, 2015 [Doc. 28], finding that Plaintiffs had failed to demonstrate they would suffer irreparable injury in the absence of a preliminary injunction.

3.      On September 30, 2015, Natchez served its Designation of Experts [Doc. 32], designating Michael Slaughter, P.E. as an expert in the fields of urban and regional planning, political redistricting, and demography. Contemporaneously therewith, Natchez produced to Plaintiffs a copy of Mr. Slaughter's Preliminary Expert Report detailing the "Alternate 1 Plan" developed by Mr. Slaughter and city officials, in conjunction with public input and comments, to

855591

redistrict Natchez's ward boundaries (hereinafter referred to as "City of Natchez, Mississippi's 2015 Redistricting Plan").

4.      On October 30, 2015, Plaintiffs served a Declaration of William S. Cooper [Doc. 37], Plaintiffs' designated expert witness on redistricting and demography. In his Declaration, Mr. Cooper opines that the City of Natchez, Mississippi's 2015 Redistricting Plan "complies with key traditional redistricting criteria, including one-person one-vote, compactness, contiguity, respect for communities of interest, and the non-dilution of minority voting strength." In other words, the Plaintiffs agree with the City of Natchez's 2015 Redistricting Plan.

5.      On November 24, 2015, the Mayor and Board of Aldermen of Natchez adopted an Ordinance to Amend Section 3 of the Charter of the City of Natchez, Mississippi to Reapportion Aldermanic Districts of the City of Natchez, Mississippi Based Upon the 2010 Census, and for Related Purposes (Natchez's "Redistricting Ordinance"). In its Redistricting Ordinance, Natchez's Mayor and Board of Alderman adopted Mr. Slaughter's Alternate 1 Plan as the City's new ward plan and ordained that all future elections, including the 2016 regular municipal elections, would be conducted based upon this plan. Again, the Plaintiffs do not contest the City of Natchez, Mississippi's 2015 Redistricting Plan that has now been officially adopted by the Natchez Board.

6.      With the City's adoption of its Redistricting Ordinance, Plaintiffs' claims are moot. The City's wards boundaries have been reapportioned based upon the 2010 census and the 2016 regular municipal elections will be conducted based upon the City's newly adopted ward plan. Each of Plaintiffs' claims and requests for declaratory and injunctive relief pertained to stopping the 2016 regular municipal elections from going forward based upon a ward plan that is no longer in effect in Natchez. The relief requested by Plaintiffs in their complaint was

2

premature since the City of Natchez was already in the process of redistricting its ward lines to reflect the 2010 Census numbers. There is no longer a live case or controversy as the Natchez Board has officially adopted the 2015 Redistricting Plan.

7.     Plaintiffs' claims do not fit within the "capable of repetition, yet evading review" exception to mootness.

8.     In further support of this Motion, Natchez relies upon its Memorandum of Authorities submitted contemporaneously herewith and the following exhibits:

Exhibit A:     Preliminary Expert Report of Michael Slaughter, P.E.

Exhibit B:     Declaration of William S. Cooper

Exhibit C:     Natchez's November 24, 2015 Redistricting Ordinance

**WHEREFORE, PREMISES CONSIDERED,** Natchez respectfully requests this Court enter an order dismissing Plaintiffs' Complaint on account of mootness.

Dated: January 5, 2016.              Respectfully submitted,

                              **NATCHEZ, MISSISSIPPI**

                              **BY:   CARROLL WARREN & PARKER PLLC**

                              **BY:   _s/ J. Chadwick Mask_____ _____**
                                      **J. CHADWICK MASK**

**OF COUNSEL:**
J. Chadwick Mask (MSB #10621)
Christopher H. Coleman (MSB #101899)
Clifton M. Decker (MSB #102740)
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:     (601) 592-1010
Facsimile:     (601) 592-6060

855591

Hyde Carby, Natchez City Attorney (MSB # 102932)
**CARBY & CARBY PC**
513 State Street
Post Office Box 1047
Natchez, Mississippi 39121-1047
Telephone:      (601) 445-5011
Facsimile:      (601) 445-5033

## CERTIFICATE OF SERVICE

I, J. Chadwick Mask, do hereby certify that I have this day electronically filed the foregoing with the clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

Ellis Turnage, Esq.
Turnage Law Office
Post Office Box 216
Cleveland, Mississippi 38732

*Attorney for Plaintiffs*

This the 5th day of January, 2016.

_s/ J. Chadwick Mask_____ ____
**J. Chadwick Mask**

855591