IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PHILLIP C. WEST; ET AL.**                                                                   **PLAINTIFFS**

**V.**                                                                **CIVIL ACTION NO. 5:15-cv-46-KS-MTP**

**NATCHEZ, MISSISSIPPI**                                                                      **DEFENDANT**

**DEFENDANT NATCHEZ, MISSISSIPPI'S MEMORANDUM OF AUTHORITES IN SUPPORT OF MOTION TO DISMISS**

Defendant Natchez, Mississippi ("Natchez"), files this Memorandum of Authorities in Support of its Motion to Dismiss, as follows:

## I.     INTRODUCTION

Plaintiffs filed their Complaint based upon allegations that population changes within Natchez's municipal wards between the 2000 and 2010 United States Censuses resulted in Natchez's wards becoming malapportioned and diluting African-American voting strength in violation of Section 2 of the Voting Rights Act and the "one-person, one-vote" principle of the Fourteenth and Fifteenth Amendments. Plaintiffs filed the current action to have the City of Natchez enjoined from conducting its 2016 municipal elections based upon its old ward boundaries and to be ordered to redistrict its voting wards based upon the 2010 Census population data. The fallacy of the Plaintiffs' lawsuit is that it was premature and sought Court intervention into the City's ongoing redistricting process. Since the plaintiffs agree that the City's newly-adopted ward Redistricting Plan complies with the "one person-one vote" principle, and it is undisputed that this Plan will be used to conduct the City's 2016 municipal elections, the Plaintiffs' Complaint and causes of action therein are moot and must be dismissed.

1

The City of Natchez adopted an Ordinance redistricting its municipal ward boundaries on November 24, 2015. The ward plan adopted by Natchez was developed by Natchez's urban and regional planning consultant, Michael Slaughter, in conjunction with input from city officials and the public. The Plaintiffs' retained expert, William Cooper, has issued a Declaration opining that Mr. Slaughter's plan, which was adopted by the City, complies with traditional redistricting criteria, including "one-person, one-vote." With the City's adoption of this ward plan on November 24, 2015, Plaintiffs' claims and requests for relief are moot. The 2016 regular municipal elections will not be conducted based on the City's prior ward plan. This Court, as an Article III Court, no longer has before it an actual, ongoing controversy. This matter should be dismissed on account of mootness.

## II. FACTUAL BACKGROUND

Natchez is a special charter municipality operating under a Mayor and Board of Aldermen form of government. Natchez's Mayor is elected at large, while the six members of the Board of Aldermen are elected from single-member wards by majority vote to serve four-year concurrent terms. Legislative power in Natchez is exercised by vote of the members of the Board of Aldermen, with the Mayor voting only in cases where there is a tie.

Following the release of the 2000 census, Natchez reapportioned its aldermanic wards by Ordinance adopted on August 26, 2003. This Ordinance was pre-cleared by the U.S. Department of Justice under Section 5 of the Voting Rights Act of 1965 on February 24, 2004.[1]

Following the release of the 2010 census, Natchez retained William Rigby of Holland & Rigby ("Rigby") to study the population changes identified in the 2010 census and develop a plan to redistrict the City's ward boundaries to accommodate these changes. During this process,

---
[1] Subsequent to this redistricting, Natchez annexed approximately 2.68 square miles of uninhabited territory in 2009. This annexation was pre-cleared by the U.S. Department of Justice on September 22, 2009.

the City conducted public hearings on the Rigby proposed redistricting plan, and received and considered an alternative plan from members of the public. Thereafter, Natchez adopted an Ordinance reapportioning its ward boundaries on October 27, 2011 ("2011 Redistricting Ordinance").

On December 20, 2011, Natchez submitted its 2011 Redistricting Ordinance to the U.S. Department of Justice for pre-clearance.[2] On February 21, 2012, the U.S. Department of Justice requested additional information from Natchez relative to the redistricting, which information was provided on February 28, 2012. On April 30, 2012, the U.S. Department of Justice issued a letter interposing an objection to Natchez's 2011 Redistricting Ordinance.

Natchez's last party primary elections were conducted on May 1, 2012 and May 15, 2012, and its last general election was conducted on June 5, 2012. Because the U.S. Department of Justice interposed an objection to Natchez's 2011 Redistricting Ordinance, the 2012 elections went forward based upon the City's ward boundaries as approved by the U.S. Department of Justice in 2004. The results of these elections are not in dispute, and the 2012 municipal elections under the prior Ward Plan are not germane to this lawsuit.

Natchez's next party primary election is set for May 3, 2016, and its next general election is set for June 7, 2016. The City of Natchez associated the Carroll Warren & Parker PLLC law firm to handle the City's Redistricting efforts. Subsequently, Natchez retained Slaughter & Associates to work with city officials and the public to prepare the City's Redistricting Plan in advance of the 2016 municipal elections. That process was completed with the City's adoption of its redistricting ward plan on November 24, 2015.

---

[2] Cities are no longer required to submit redistricting plans to the U.S. Department of Justice for pre-clearance under Section 5 of the Voting Rights Act of 1965. *See Shelby County v. Holder*, 133 S.Ct. 2612, 186 L.Ed.2d 651 (2013).

855623

Natchez's Redistricting Plan was disclosed to Plaintiffs in connection with Mr. Slaughter's Preliminary Expert Report served in this matter on September 30, 2015. <u>Ex. A</u>. Thereafter, Plaintiffs retained expert, William S. Cooper issued a Declaration on October 30, 2015, opining as follows regarding Mr. Slaughter's Alternate 1 Plan:

> 33. The 2015 Alternative Plan 1 [*sic*] has an overall deviation of 6.8%. Under Alternative Plan 1 [*sic*], there are four majority-Black wards by total and voting age population – Wards 1, 2, 4, and 5. In my opinion, Alternative Plan 1 [*sic*] complies with traditional redistricting principles, including one-person one-vote, compactness, contiguity, respect for communities of interest, protection of incumbents, and the non-dilution of minority voting strength.

<u>Ex. B</u>, ¶ 33.

On November 16, 2015, the City conducted a public hearing on its proposed Redistricting Plan to receive public input on the new voting ward lines. The public provided favorable comments on the proposed plan; accordingly, the City of Natchez Board of Aldermen officially adopted the new Ward Plan at its November 24, 2015 Board meeting. The 2016 regular municipal elections will be held based upon the newly-adopted ward plan. <u>Ex. C</u>.

### III.   ARGUMENT AND ANALYSIS

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). To qualify for federal court adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed. *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*, 217 F.3d 393, 396 (5th Cir. 2000). Federal courts have no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). A case becomes moot when the issues presented are no longer "live" or the parties lack a

legally cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000).

The Plaintiffs' claims are moot. There is no "live" case or controversy before this Court. Plaintiffs' Complaint [Doc. 1] sought only declaratory and injunctive relief based on allegations that Natchez's ward boundaries were malapportioned and needed to be realigned due to population changes between 2000 and 2010, and that Natchez should be enjoined from conducting the 2016 regular municipal elections based on Natchez's ward boundaries as they existed at the time of Plaintiffs' filing their Complaint. Natchez has redistricted its ward boundaries and all future elections, including the 2016 regular municipal elections, will be based upon the new ward boundaries. Ex. C. There are no claims remaining for this Court to address.

Further, Plaintiffs' claims do not qualify as claims that are capable of repetition, yet evading review. Under this exception to the mootness doctrine, a party must show that (a) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (b) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Lewis*, 494 U.S. at 481. This exception applies "only in exceptional situations." *Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). The Plaintiff bears the burden of proving both prongs of this exception. The Plaintiffs cannot prove either prong.

As is suggested by its name, this exception to the mootness doctrine requires a showing that the action complained of is "capable of repetition." To this end, the Fifth Circuit stated as follows in *Libertarian Party v. Dardenne*, 595 F.3d 213 (5th Cir. 2010):

> [u]nder the exception's "capable of repetition" prong, Appellants "must show either a 'demonstrated probability' or a 'reasonable expectation,'" *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002), that they will "be subject to the same [unlawful governmental] action again," *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct.

5

347, 46 L.Ed. 2d 350 (1975). A "mere physical or theoretical possibility" is not sufficient to satisfy this prong of the exception. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed. 2d 353 (1982).

The alleged "unlawful governmental" action complained of in this case was Plaintiffs' purely hypothetical theory that Natchez would not reapportion its ward boundaries to reflect 2010 Census population data prior to the 2016 regular municipal. Natchez was, in fact, in the process of doing so at the time Plaintiffs' filed their Complaint. More importantly, Natchez has now completed this process and has reapportioned its boundaries for purposes of the upcoming 2016 regular municipal elections. To demonstrate that this allegedly "unlawful governmental" action is reasonably expected to occur again, Plaintiffs would have to prove that Natchez will (a) need to reapportion its ward boundaries in response to the 2020 Census and (b) will fail to do so before the next regular elections following the release of the 2020 Census. There is simply no proof Plaintiffs could offer that would establish this argument rises to the level of more than a "mere . . . theoretical possibility"—which is insufficient to satisfy this "capable of repetition" prong of this exception to the mootness doctrine.

In *Lopez v. City of Houston*, 612 F.3d 336 (5th Cir. 2010), the Fifth Circuit held:

[I]n this case, the decennial U.S. Census will report the population of the City before the next city elections on November 8, 2011. *See* 13 U.S.C. § 141(a) (requiring census figures to be released no later than April 1, 2011). At that time, one of three things will occur. One, the census may determine that the City's population is less than 2.1 million, in which case the City will determine based on information that is definitively the "best available" that the charter does not require the addition of two new council seats. Two, the census may report that the population has reached 2.1 million and the City will add the new seats pursuant to the charter, in which case the appeal will be moot because the relief requested will be provided. Three, the census might report that the population has reached 2.1 million and the City will choose to violate its own charter and not add the seats, in which case the appellants will have standing to challenge that decision. However, the City pledged in its briefs before the district court, and before this court, that it intended to add the seats should the 2010 Census determine that the population reached 2.1 million. In any case, merely showing that the government will "have an opportunity to act in the same allegedly unlawful manner in the future" is not
6

> enough to satisfy the second prong of the exception without a reasonable expectation that the government *will* act in that manner. *Libertarian Party,* 595 F.3d at 217. Appellants have not shown that there is a reasonable expectation that the City will choose to violate its charter. Any claims based on the City's failure to redistrict or add new council seats prior to the 2009 election are moot.

*Lopez*, 617 F.3d at 341.

Just as in *Lopez*, the release of the 2020 Census will either demonstrate that Natchez's ward boundaries need to be reapportioned or that Natchez's ward boundaries as currently configured are constitutionally acceptable. In either event, the mere fact that Natchez will "have an opportunity to act in an allegedly unlawful manner in the future"—*i.e.*, that Natchez will not redistrict in advance of the next scheduled election after the release of the 2020 Census, if necessary—does not create a reasonable expectation that Natchez will act in that manner. Plaintiffs' Complaint does not state a claim that is capable of repetition, yet evading review, and the Plaintiffs' claims are now moot. This matter should be dismissed with prejudice.

### IV. CONCLUSION

Plaintiffs' claims and requests for relief in this matter are moot. This Court does not have subject-matter jurisdiction, as there is no live controversy between the parties. Natchez has adopted a plan redistricting its ward boundaries to reflect population changes revealed in the 2010 Census. Natchez's adopted redistricting plan will be the ward plan utilized for the upcoming 2016 regular municipal elections. Plaintiffs agree that the City's adopted 2015 Ward Plan complies with the Voting Rights Act of 1965 and all constitutional requirements, including the one person-one vote principle. There is nothing left for this Court to decide. Plaintiffs' Complaint should be dismissed with prejudice on account of mootness and lack of subject-matter jurisdiction.

7
855623

Dated: January 5, 2016.  Respectfully submitted,

**NATCHEZ, MISSISSIPPI**

BY: **CARROLL WARREN & PARKER PLLC**

BY: *s/ J. Chadwick Mask*
**J. CHADWICK MASK**

**OF COUNSEL:**
J. Chadwick Mask (MSB #10621)
Christopher H. Coleman (MSB #101899)
Clifton M. Decker (MSB #102740)
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone: (601) 592-1010
Facsimile: (601) 592-6060

Hyde Carby, Natchez City Attorney (MSB # 102932)
**CARBY & CARBY PC**
513 State Street
Post Office Box 1047
Natchez, Mississippi 39121-1047
Telephone: (601) 445-5011
Facsimile: (601) 445-5033

**CERTIFICATE OF SERVICE**

I, J. Chadwick Mask, do hereby certify that I have this day electronically filed the foregoing with the clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

Ellis Turnage, Esq.
Turnage Law Office
Post Office Box 216
Cleveland, Mississippi 38732

*Attorney for Plaintiffs*

This the 5th day of January, 2016.

                                           *s/ J. Chadwick Mask*_____ ____
                                           **J. Chadwick Mask**