IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PHILLIP C. WEST,** *et al.*                                                                             **PLAINTIFFS**

**V.**                                                    **CIVIL ACTION NO. 5:15-CV-46-KS-MTP**

**NATCHEZ, MISSISSIPPI**                                                                     **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons provided below, the Court **grants** Defendant's Motion to File a Supplement [60], **denies** Plaintiffs' Motion to Strike [53], **denies** Plaintiffs' Motion for Declaratory Judgment [48], **denies** Plaintiffs' Motion for Declaratory Judgment [46], and **grants** Defendant's Motion to Dismiss [39]. This case is closed.

**I. BACKGROUND**

Plaintiffs filed their Complaint [1] on May 22, 2015. Therein, they sought prospective declaratory and injunctive relief related to the ward districting plan adopted by the City of Natchez, Mississippi in 2003. Plaintiffs claimed that the 2003 ward plan was based on census data from 2000 and, therefore, failed to account for demographic changes in the City's population. Specifically, Plaintiffs contended that the 2003 ward plan violated Section 2 of the Voting Rights Act by diluting the voting strength of African-American citizens, violated the Fourteenth and Fifteenth Amendments because it was enacted with the discriminatory purpose of diluting African-American voting strength, and violated the Fourteenth Amendment Equal Protection Clause's "one-man-one-vote" principle.

On November 24, 2015, the City of Natchez adopted an ordinance redistricting

its municipal ward lines. It is undisputed that the new ward plan corrected the population deviations of the previous plan and created an additional majority-minority district, while complying with traditional redistricting principles. Plaintiffs' own expert, William S. Cooper, acknowledged as much in his report [39-2], providing a favorable assessment of the new plan. On February 8, 2016, the state Attorney General approved the new plan, and on February 9, 2016, the Governor approved the new plan. One week later, Defendant delivered the approved plan to the Secretary of State's office for recording.

Accordingly, Defendant filed a Motion to Dismiss [39] this case because it is moot and no longer presents a live case or controversy. A flurry of other motions followed, and they are all ripe for review.

## II. MOTION TO FILE SUPPLEMENT [60]

Defendant seeks leave to file a supplement [60-1, 60-2] to its reply in support of its Motion to Dismiss [39]. Plaintiffs did not timely respond to the motion. Accordingly, the Court grants it as unopposed. The supplement [60-1, 60-2] is deemed filed.

## III. MOTION TO STRIKE [53]

Plaintiffs argue that Defendant argued for the first time in reply [51, 52] in support of its motion to dismiss that Plaintiffs are not "prevailing parties" under any relevant fee-shifting statute. Accordingly, Plaintiffs want the Court to strike the argument. *See United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 492 (5th Cir. 2014) (the court does not generally consider arguments raised for the first time in reply). In response, Defendant argues that Plaintiffs' goal in opposing dismissal

2

is to "establish themselves as 'prevailing parties' for the purpose of attorneys' fees." In reply, Plaintiffs do not dispute this, but merely note that the words "prevailing parties" do not appear anywhere in their response to Defendant's motion to dismiss.

The Court agrees with Defendant. It is abundantly clear that the only purpose served by Plaintiffs' opposition to the dismissal of this case is to bolster a claim for attorney's fees. Indeed, Plaintiffs filed a Motion for a Declaratory Judgment [48] that the Case Management Order constitutes a judicial imprimatur that confers prevailing party status on Plaintiffs. Therefore, Defendant did not raise a new argument in reply, and Plaintiffs' motion to strike is denied.

### IV. MOTION FOR DECLARATORY JUDGMENT [48]

Plaintiffs seek a declaratory judgment that the Case Management Order [17] entered on August 5, 2015, constitutes a judicial imprimatur that materially altered the legal relationship of the parties and granted Plaintiffs some of the relief which they sought. Accordingly, Plaintiffs contend that they are "prevailing parties" for purposes of the relevant fee-shifting statutes.

The Court, "in its discretion, may allow the prevailing party" in a voting rights case "a reasonable attorney's fee." *Davis v. Abbot*, 781 F.3d 207, 213 (5th Cir. 2015).[1] The relevant statutes "do not define 'prevailing party,'" but "[t]he touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Davis*, 781

---

[1] *See Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 543 (5th Cir. 1980) (the fee provisions of 42 U.S.C. §§ 1973 and 1988 are identically construed).

3

F.3d at 213-14. "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Id.* at 214.

"[A]n injunction or declaratory judgment, like a damages award, will usually satisfy the prevailing-party test, and plaintiffs are likewise entitled to fees when they prevail through a settlement that is enforced through a consent decree entered by the district court." *Id.* However, "there must be judicial *imprimatur* on the change in the legal relationship between the parties." *Id.* "[P]rivate settlements and a defendant's voluntary change in conduct" are not sufficient. *Id.* The Court applies a three-part test: "(1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Id.*

The Case Management Order [17] did not grant any dispositive relief to Plaintiffs. Indeed, absent the parties' consent (which was not given), the Magistrate Judge had no authority to render a dispositive ruling. *See, e.g.* 28 U.S.C. § 636(b)-(c); FED. R. CIV. P. 72; *Barber v. Shinseki*, 660 F.3d 877, 878-79 (5th Cir. 2011). The CMO provided no decision regarding the challenged districting plan. It did not materially alter the legal relationship between the parties. It did not order any modification of Defendant's behavior or actions. The Court merely provided a number of procedural deadlines and discovery limitations, as it does in every case. Accordingly, the Court denies Plaintiffs' motion for a declaratory judgment [48] that the CMO constitutes a

judicial imprimatur rendering "prevailing party" status on Plaintiffs.

## V. MOTION TO DISMISS [39]

Defendant argues that the Court should dismiss this case because it is moot and no longer presents a live case or controversy. "Mootness is the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524-25 (5th Cir. 2008). Generally, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot," but "[a] case should not be declared moot as long as the parties maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation . . . ." *Id.* at 527. There is no actual case or controversy, though, if "there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation." *Id.*

However, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 289, 102 S. Ct. 1070, 71 L. Ed. 2d 152 (1982); *see also Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 661, 113 S. Ct. 2297, 124 L. Ed 2d 586 (1993). Where a defendant voluntarily ceases allegedly illegal conduct, "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior

5

could not reasonably be expected to recur . . . ." *Aladdin's Castle*, 455 U.S. at 289 n. 10. "This is a heavy burden, which must be borne by the party asserting mootness." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009). A lighter burden, however, is applied to government actors, whose actions are treated with "some solicitude." *Id.* "[G]overment actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties. Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing." *Id.*

Plaintiffs argue that Defendant has not established that it is absolutely certain that the former ward plan will not be used for this year's elections because the requirements of Mississippi Code §§ 21-17-9, 23-15-221, and 23-15-283 have not been satisfied,[2] and that the case can not be moot until the primary and general elections have been completed. But the Fifth Circuit does not require "physical or logical impossibility" that the disputed policy will not be reenacted. *Sossamon*, 560 F.3d at 325. As noted above, "government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith," and the Court will "assume that formally announced changes to official governmental policy are not mere litigation posturing," absent any evidence to the contrary. *Id.*

---

[2]Defendant provided evidence [60-1] that it had, in fact, complied with the requirements of MISS. CODE ANN. § 21-17-9 and MISS. CODE ANN. § 23-15-283. MISS. CODE ANN. § 23-15-221 addresses the appointment and duties of election commissioners, and it has nothing to do with adopting a new districting plan.

The Fifth Circuit has held that an affidavit from a government official swearing that the government entity will not resume the disputed conduct is sufficient to meet a defendant's burden. *Id.* at 325-26. Here, it is undisputed that Natchez passed an ordinance adopting the new ward plan, submitted the new plan to the Attorney General and Governor for approval, and delivered it to the Secretary of State for recording [60-1]. The record contains no evidence indicating that these actions were mere posturing for litigation. In fact, as early as July of last year [14], Defendant represented to the Court that it was in the process of adopting a new redistricting plan. Plaintiffs have not disputed these facts.

Plaintiff also argues that her claims for declaratory relief regarding the 2003 ward plan and for attorney's fees still present a live case or controversy. However, the cases cited by Plaintiffs provide that claims for past money damages or other forms of retrospective relief may still present a live case or controversy where an accompanying claim for prospective injunctive relief has been rendered moot. *See, e.g. Henschen v. Houston*, 959 F.2d 584, 587-88 (5th Cir. 1992); *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 285-86 (5th Cir. 2012). Here, there is no claim for retrospective relief. Rather, Plaintiffs only sought prospective injunctive and declaratory relief.

Finally, Plaintiffs have not argued that the disputed governmental conduct is "capable of repetition but evading review," much less shown "a demonstrated probability or a reasonable expectation" that "they will be subject to the same unlawful governmental action again." *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir.

7

2010).

In conclusion, the evidence demonstrates that Defendant gave Plaintiffs everything they wanted in this litigation, and that they were, in fact, in the process of doing so shortly after this case was filed last year. Plaintiffs' own expert provided a favorable assessment of the new ward plan, and Plaintiffs do not dispute that it cures each of the alleged problems with the former plan. Defendant has complied with the requirements of Mississippi law in officially adopting the new plan, and Plaintiffs have not provided any reason to believe that Defendant's actions are mere posturing for litigation. Accordingly, the Court finds that this case is moot and no longer presents a live case or controversy. Defendant's motion to dismiss is granted.

## VI. MOTION FOR DECLARATORY JUDGMENT [46]

Plaintiffs seek a declaratory judgment that Defendant's former ward plan violates the Fourteenth Amendment's Equal Protection Clause. As provided above, this case is moot and no longer presents a live case or controversy. The 2003 ward plan has been replaced and is no longer the operative districting plan in Natchez. This Court does not have jurisdiction to issue an advisory opinion on a matter that is no longer a live case or controversy between the parties. *St. Pierre v. United States*, 319 U.S. 41, 42, 63 S. Ct. 910, 87 L. Ed. 1199 (1943); *Amar v. Whitley*, 100 F.3d 22, 23-24 (5th Cir. 1996); *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 788 (S.D. Miss. 2011). Therefore, Plaintiffs' motion is denied.

## VII. CONCLUSION

For the reasons provided below, the Court **grants** Defendant's Motion to File a

Supplement [60], **denies** Plaintiffs' Motion to Strike [53], **denies** Plaintiffs' Motion for Declaratory Judgment [48], **denies** Plaintiffs' Motion for Declaratory Judgment [46], and **grants** Defendant's Motion to Dismiss [39]. Plaintiffs' claims are **dismissed without prejudice**. This case is **closed**.

SO ORDERED AND ADJUDGED this 24th day of March, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE